[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION OF ALIMONY
In the judgment of dissolution of the parties' marriage on June 11, 2002, the defendant and plaintiff agreed that the defendant would pay to the plaintiff alimony of $300.00 per week for 18 months.
While the defendant was employed by Bristol-Meyers, he was earning approximately $115,000.00 ± annually. However in March 2002, his employment with Bristol-Meyers terminated, and the defendant was awarded severance pay of $1,980.00 per week until July 5, 2002. In addition, the defendant was receiving unemployment compensation of $421.00 which, after withholding, netted him $366.00 per week.
The defendant paid the ordered alimony until July 5, 2002. The defendant is still unemployed and is receiving unemployment compensation as stated above.
By various motions beginning June 18, 2002 through July 24, 2002, the defendant seeks a modification of the alimony order claiming a substantial change in circumstances pursuant to Connecticut General Statutes § 46b-86 (a).
The plaintiff objects to any modification claiming that the defendant intentionally failed to secure employment and that he has not made any real and reasonable efforts to obtain employment. She further agrees that the plaintiff bears the burden of proving an impaired earning capacity as well as diligent efforts to obtain employment in his field and that any modification should not be made retroactive to July 5, 2002.
Defendant testified that he is making reasonable efforts to secure employment in his field of expertise through the use of agencies and persons engaged in seeking employment opportunities for qualified individuals in their area of expertise. To date, the effort on the CT Page 13413 defendant's behalf have been unsuccessful. Further, he testified that he is not presently looking for employment as he is in the process of starting his own company. However, he still follows up on interviews.
The plaintiff argues that defendant's testimony is not credible in that he has not and cannot produce copies of written applications for employment, the number of interviews he has had with prospective employers and that he failed to produce copies of e-mail correspondence confirming his attempts to obtain employment.
The court finds that the defendant has incurred a substantial change in circumstances; that he has made reasonable efforts to find suitable employment; and that his earning capacity has been impaired because of the lack of employment opportunities in his field of expertise.
Based on the above findings of the court, the alimony order is modified to $150.00 per week effective from July 15, 2002 until November 15, 2002, or when the plaintiff becomes employed, whichever is the first to occur. Unpaid alimony from July 15 shall accrue and be added to any arrearage of alimony due to the plaintiff.
The defendant is ordered to present to plaintiff's counsel all written evidence of attempts to find employment including original paperwork documenting job searches, including authorization allowing plaintiff's counsel, or if employed, all data concerning his employment md income. Also, the defendant shall provide to plaintiff's counsel any and and information relative to the status of the defendant's alleged new business including when said business will be operable, estimates of when said business will commence to produce income, the names and addresses of any clients. Further, if operational, the defendant shall provide the plaintiff's counsel monthly statements of income and all expenses including any income paid to or received by the defendant for his services.
This matter shall be continued for a hearing on November 15, 2002 at 10:00 am. to review and/or modify the order contained herein.
______________ Vasington, JTR CT Page 13414